Filed 6/17/21  Marriage of Stupp and Schilders CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re the Marriage of STEVEN STUPP and ANNEMARIE SCHILDERS. | |
| STEVEN STUPP,<br><br>          Respondent,<br>v.<br>ANNEMARIE SCHILDERS;<br><br>          Appellant;<br>ESTER ADUT,<br><br>          Appellant. | A159414<br><br>(San Mateo County<br>Super. Ct. No. FAM 0110799) |

　　　Ester Adut is the attorney for Annemarie Schilders, who is a party to a long-running and highly contentious marital dissolution.  Adut here appeals from two orders:  one requiring Adut to prepare and submit a Notice of Limited Scope Representation (Form FL-950) in advance of an upcoming hearing, and one requiring Adut to notify Schilders of the court's order that Schilders appear at that hearing in person or by court call.  The challenged orders are not appealable, and therefore we shall dismiss the appeal.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Steven Stupp filed a petition for dissolution of his marriage to Schilders in 2010. A stipulated judgment of dissolution was entered in March 2014. Since then, the case has been intensively litigated in the trial court and in this one, where Schilders or Adut has initiated 23 appeals and filed 7 writ petitions.

In September 2015, Schilders filed a motion to compel further discovery responses in which she sought various forms of relief. Hearings on that motion were held over a period of years, and in April 2019 the family court issued its findings and orders after hearing.[1] Among other things, the court ordered Stupp to pay about $27,000 in discovery sanctions.

On May 8, Stupp filed two motions related to the April orders: one for clarification, and one for reconsideration. Then, on October 9, he filed a motion to set aside the April orders. The motion to set aside was set for hearing on December 10; the other two motions were set for hearings at different times on December 17. A fourth motion filed by Stupp, to compel discovery responses and for discovery sanctions had been filed on August 20 and was also set for hearing on December 17.[2]

Adut appeared for Schilders at the December 10 hearing. Adut explained that she was "making strictly a special appearance to contest the Court's jurisdiction over my client's personal jurisdiction," and stated that Schilders had not been served with the motion to set aside.

---

[1] Further dates are in 2019 unless otherwise stated.

[2] None of the four motions filed by Stupp is included in the record before us. Adut told the trial court that all of them challenge the $27,000 sanctions order from April.

The court heard argument on the jurisdictional issue, with Adut claiming that the court had no jurisdiction to hear the motion because the motion had not been served on her client, as required by Family Code section 215.[3] The court set a schedule for further briefing on the jurisdictional issue over the next few days, and continued the hearing to December 19. The court also vacated the hearings that had been scheduled for December 17 and reset them for December 19, so that all four of Stupp's motions would be heard together. The court said that parties and counsel were to be present at the December 19 hearing. Adut made no objection to the resetting or to the statement that parties were to be present at the hearing.[4]

Schilders was not present in person or by phone at the December 19 hearing. Adut appeared and stated that she was representing Schilders "on some of the issues." Specifically, she was making a "general appearance" for the motions Stupp had filed in May 2019 (for clarification and reconsideration of the April orders), and that with respect to the other motions (the August 20 discovery motion and the October motion to vacate the April orders), she was "appearing only specially to contest personal jurisdiction and subject-matter jurisdiction."

---

[3] Further statutory references are to the Family Code unless otherwise stated. Section 215, subdivision (a), provides that as a general matter, after a judgment of dissolution of marriage, "no subsequent order in the proceedings[ ] is valid unless any prior notice otherwise required to be given to a party to the proceeding is served, in the same manner as the notice is otherwise permitted by law to be served, upon the party. For the purposes of this section, service upon the attorney of record is not sufficient."

[4] She did, however, raise an issue that she said was "not about" the motion on which she was making a special appearance, and informed the court that the April orders were the subject of ongoing briefing on a different issue before a different judge.

3

Extensive discussion and argument followed on a range of topics, including Schilders's address and whereabouts, whether any requirement for service on Schilders (as opposed to service on Adut) had been waived, whether documents stated that Schilders was to be served in care of Adut, and the history of Adut's representation of Schilders in the action.[5]

Adut argued that the court lacked jurisdiction to hear the motions Stupp had filed in August and October because notice of those motions had not been served on Schilders, who, according to Adut's understanding, "has no awareness whatsoever of these motions." The court asked Adut where Schilders was; Adut responded, "I have no personal knowledge of where she is, but I'm under the impression that she resides in the Netherlands." The court then asked Adut the foundation for her understanding of Schilders's

---

[5] Adut substituted in as Schilders's attorney in April 2014. At times Adut's representation of Schilders had been limited in scope. Adut told the court she had been representing Schilders for all purposes (other than a particular hearing in May 2016) since mid-October 2015, and that she had filed a notice to that effect on or about October 13, 2015. That notice is not included in the record, but the register of actions states that on October 14, 2015, Schilders filed a "Notice of Limited Scope Representation. Attorney Ester Adut for Other: On all matters between 10/13/15 etc." We cannot tell what, if anything, that document says about service on Schilders. At the December 19 hearing, the court stated that the most recent limited scope document it had was a notice of another attorney's limited representation of Schilders at a May 2016 hearing, which stated that Schilders's address for purposes of service was in care of Adut. The notice is not included in the record on appeal.

During the December 19 hearing, Adut stated at one point that if some document had said to serve Schilders at a particular address in care of Adut, she didn't understand why Stupp had not made such service. The court asked, "So you are willing to accept service for [Schilders] then?" Adut replied, "Well, I did not say I am willing to accept service for her. But I'm saying if that's the address that they have for her—"

4

lack of awareness of the motions. Adut responded that there was no proof of service on Schilders, nor any statement by Stupp's counsel that Schilders had been served. Adut further stated, "I have not had a discussion with Ms. Schilders about it, and so if she knows, I don't know that she knows. I have no way—no reason to think that she knows. So—." The court asked, "You don't know either way is what you are saying?" Adut responded, "I have no idea what she knows and doesn't know."

The court asked Adut whether she had an address where Schilders could be served process. Adut responded "Yes. Well, I don't have it in my head, but Mr. Stupp has it because—" The court interrupted Adut and directed her to listen to the question being asked and respond to it. The court repeated the question. Adut responded, "No." The court said, "[T]here may be some other location outside of this room, apparently, that you could access that would give you that information; is that correct?" Adut responded, "Somewhere in my office I probably have the address, yes." The court then asked how long it would take Adut to provide that address to Stupp's counsel. Adut responded, "Counsel already has the address and so does Mr. Stupp as far as I know."

Later in the hearing, the court told Adut that it was "concerned about the types of answers you gave in court today," and inquired whether Adut had asked Schilders to be present at the hearing, in keeping with the statement made by the court at the previous hearing. Adut said she did not remember such a statement being made, and that she had not asked her client to attend the hearing.

Eventually, the court concluded that service to Schilders by mail at a certain post office box would constitute service for purposes of section 215.

The court stated it would allow Stupp's counsel "to do a mailing to that recent address," at which point "the Court will be able to move forward."

With the end of the day approaching, the court continued the hearing on all the pending motions to January 29, 2020. The court stated, "[B]ased on everything I've seen concerning these pleadings and the history of this request for order, the Court is convinced that at a minimum I'm going to stay now any prior discovery sanction pending further adjudication based on the fact that I think there has been a delay in hearing that issue. I'm going to reserve on potential [Family Code section] 271 sanctions as to why that delay occurred, and what type of conduct counsel has demonstrated in her limited scope representation that she has been providing to her client. [¶] . . . Otherwise, I'm going to set this over for [Stupp to] go forward with that mailing as we've just discussed and then come back and have a final hearing on that issue."

In written orders signed and filed on December 20, the court ordered, among other things, that Adut was responsible to notify Schilders to appear at the January 29, 2020 hearing in person or by phone, and that Adut was to prepare an updated Notice of Limited Scope Representation and submit it to the court and opposing counsel a week before the January 29, 2020 hearing.

Adut timely appealed. Stupp did not file a respondent's brief, and oral argument was waived; therefore, we decide the appeal on the record and appellant's opening brief. (Cal. Rules of Court, rule 8.220(a)(2).)

## DISCUSSION

Adut appeals from two of the orders issued on December 20: one requiring Adut to prepare and submit an updated Notice of Limited Scope Representation in advance of the January 29, 2020 hearing, and one

6

requiring Adut to notify Schilders of the court's order that Schilders appear at that hearing in person or by court call.

Before we consider the merits of an appeal, we consider whether we have jurisdiction to hear the appeal. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 [existence of an appealable order or judgment is "a jurisdictional prerequisite to an appeal"].) In the required statement of appealability that appears in Adut's opening brief (Cal. Rules of Court, rule 8.204(a)(2)(B)), Adut claims that the challenged orders are appealable on three separate grounds: as orders made after the appealable judgment that was filed in this case in March 2014; as orders granting an injunction; and as collateral final orders. Adut is mistaken on all counts.

As we have explained, although Code of Civil Procedure, section 904.1, subdivision (a)(2) permits the immediate appeal of an order made after an appealable judgment, not every postjudgment order is appealable. (*Stupp v. Schilders* (Mar. 25, 2016, A143186) [nonpub. opn.].) In particular, a postjudgment order that is preliminary to a later proceeding is not appealable. (*In re Marriage of Ellis* (2002) 101 Cal.App.4th 400, 403 [citing *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644].) The orders that Adut challenges here are preliminary to further proceedings on the motions Stupp had filed in 2019, and therefore they are not appealable as postjudgment orders.

Adut also claims the orders are appealable under Code of Civil Procedure, section 904.1, subdivision (a)(6), which permits the immediate appeal of an order granting or denying an injunction. There is no appealable injunctive order here. Adut does not identify any injunction that was sought at the December 19 hearing by Stupp or anyone else. The challenged orders are not appealable injunctive orders simply because they require Adut to

perform an action: if they were, then any order given at any point in a proceeding by a trial court judge to a party's attorney, whether to appear at a hearing, or file a document, or to conclude his or her argument, would be immediately appealable by the attorney. That is not the law, and Adut cites no authority to suggest otherwise.

Finally, Adut claims that the orders are appealable as collateral final orders requiring her to perform an act, citing *Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119. Although the orders here require Adut to perform acts, they are not collateral final orders, which "determine finally for the purposes of further proceedings in the trial court some distinct issue in the case." (*Ibid.*) That is not the situation here: the trial court's orders are preliminary to a hearing on several postjudgment motions that were before the court. The collateral order doctrine does not apply.

## DISPOSITION

The appeal is dismissed. Respondent shall recover any costs on appeal.

_____
Miller, J.

WE CONCUR:


_____
Kline, P.J.


_____
Stewart, J.


A159414, *Stupp v. Schilders*

9